**WESNER et al. v. BRENDEL.**

No. 8229.

Court of Civil Appeals of Texas. Austin.

April 15, 1936.

Rehearing Denied May 20, 1936.

·Kerr & Gayer, of San Angelo, for appellants.

Baker & Baker, of Coleman, and Upton & Upton and Travis E. Baker, all of San Angelo, for appellee.

McCLENDON, Chief Justice.

Upon a former appeal of this case, all issues were eliminated except the question of appellee Brendel's liability as a partner of Boyce upon the drilling contract between appellants and Boyce. See opinion on former appeal for a full statement of the case.

Gardner v. Wesner (Tex.Civ.App.) 55 S. W.(2d) 1104.

The present appeal is from a judgment in favor of Brendel upon a directed verdict.

Upon the former appeal, we held that the evidence (a) would not support a finding of partnership in fact, and (b) negatived "any holding out of S. J. Brendel as a partner."

Appellants contend that the evidence upon the last trial raised a fact issue upon each of these theories of recovery. These contentions present the controlling issues in the present appeal.

Upon the issue of partnership in fact, the only evidence not presented upon the former trial was to the effect that Brendel had an employee at the well who "examined the samples, looked after the materials and pipe and advised with us with reference to drilling the well." Just what character of "advice" this employee gave was not testified to. The evidence showed, as on the former appeal, that Brendel had a $\frac{1}{8}$ interest in the net profits from the well, under his contract with Boyce, to loan him the necessary casing up to $15,000 valuation. We held that this did not constitute him a partner. The fact that he employed one to examine samples of the well and look after the pipe and material did not of itself alter his relations with Boyce. He had an interest in the results of the venture and was obligated to supply the pipe. It was a precaution of ordinary business prudence to be kept informed as to the results of the drilling, and of the necessity from time to time of supplying additional pipe or casing under his contract. Nor did the fact that his employee may have "advised" regarding the drilling alter the relationship. There was no evidence that this employee had any authority to direct or control the manner of drilling, or that he even attempted such direction or control. The mere giving of advice without the power to control did not affect the legal relations of the parties. Brendel having denied under oath the existence of the alleged partnership relation, the burden was cast upon appellants to establish that relationship. This burden they failed, in our opinion, to meet. We do not think it would serve any useful purpose to review the evidence. It was in no essential respect different from that on the former appeal.

Upon the question of "holding out," the evidence was the same as on the former

appeal to the effect that, "The contract was made with Boyce alone, in his individual name, and solely upon his individual responsibility"; concerning which we said: "The evidence negatives any holding out of S. J. Brendel as a partner."

We hold that the trial court properly directed the verdict.

■ Appellants present four propositions predicated upon the following rulings upon the introduction of evidence:

Appellants were not permitted to show that new oil well casing depreciates 50 per cent. in value when taken out of a well. This fact has no bearing whatever upon the existence vel non of a partnership. That there was a large depreciation from use of casing in drilling was in evidence without objection. The exact or approximate extent thereof was immaterial. The loss which would thereby fall upon Brendel in case oil was not discovered in paying quantities was a risk which he assumed in consideration of his contract to share in the net profits from the well. The extent of such contingent loss had no bearing upon the relations of the parties.

■ Nor was it material to such relationship that Brendel "was interested in other oil wells in the territory involved."·

■ On cross-examination Brendel was asked whether he had read this court's opinion on the former appeal since he had come into the courtroom, to which he answered in the affirmative. He was then asked whether he understood that opinion. Objection to this inquiry was sustained. We are at a loss to grasp the materiality of this issue. Suppose the witness would have answered "Yes," what would this signify? Simply, we think, that he was of opinion that he had properly analyzed the opinion. Whether or not he had correctly done so would depend upon what that analysis was. Necessarily, therefore, the witness' construction of the opinion would become material. Such inquiry could serve no useful purpose; but, on the contrary, could only tend to confuse the real issues in the case. Whatever inference might properly be drawn from the fact, which could reasonably be assumed, that the litigant had consulted with his attorney regarding the issues involved in the case in the light of this court's opinion on a former appeal, was a legitimate deduction to be drawn from common experience, and required no positive evidence to support it. The witness was interested in the case as a party defendant. He had read the opinion after he came into the courtroom. Whether or not or how he "understood" it was not an issue in the case, and could shed no light upon any issue therein. His answer to the question, whether "yes" or "no," was immaterial. It may not be out of place to note that the attorneys for the respective parties are strenuously contending for diametrically opposed constructions of the opinion.

■ The remaining question relates to the manner in which appellee's attorney objected to certain questions propounded by appellants' attorney to appellee, the contention being that the objection suggested the answer. Following the proposition to this effect is the parenthetical note, "Germane to the 11th Assignment of Error." This assignment reads, "The trial court erred in refusing to permit appellants to examine appellee concerning his alleged contract with Geo. W. Boyce." There seems to be no relation between the assignment and the proposition.

The trial court's judgment is affirmed.

Affirmed.